IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NINA RENEE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-3433-SSA-CV-S-MJW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Nina Renee Anderson seeks judicial review,[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The complete facts are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

not reverse it because substantial evidence exists in the record that would have
supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Here the Administrative Law Judge (ALJ) found that plaintiff suffered from the severe impairments of athererosclerotic heart disease, status post-myocardial infarction and coronary artery bypass graft; costochondritis, status post-coronary artery bypass graft; coronary artery disease and hypertension. The ALJ found that plaintiff's impairments or combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At Step 5, the ALJ determined that plaintiff has the residual functional capacity to perform sedentary work, but with limitations to account for her severe impairments. Because plaintiff's past relevant work was light semi-skilled work and sedentary semi-skilled work, the ALJ determined, with the assistance of testimony from a vocational expert, that plaintiff could not perform her past relevant work. Alternatively, the ALJ determined, again with the assistance of the testimony from the vocational expert, that plaintiff's age (plaintiff was born in 1972), education, work experience and residual functional capacity supported a finding that

2

plaintiff, even with her limitations, could do sedentary work which existed in significant numbers in the national economy.  These findings resulted in the ALJ making the determination that plaintiff had not been under a disability, as defined in the Social Security Act, from May 12, 2008, through the date of the ALJ's decision on April 26, 2010.

Plaintiff argues the ALJ erred in failing to find that her mental impairments were severe by improperly interjecting his own opinions concerning the seriousness of her impairments, by failing to state with particularity the weight given to the medical evidence, and by inappropriately evaluating plaintiff's credibility.  Plaintiff argues that a reversal and/or remand of this cause is required.

The Commissioner argues the ALJ properly found plaintiff's mental impairments were nonsevere, properly discounted her credibility and global assessment of functioning score by the consultative examiner, and properly considered all of plaintiff's impairments in combination. The Commissioner asserts that the ALJ's decision that plaintiff could perform work existing in significant numbers is supported by substantial evidence and should be affirmed.

Upon review, this court finds there is substantial evidence in the record to support the decision of the ALJ.

The ALJ did not err in finding plaintiff's mental impairments were not severe.  An impairment is "nonsevere" if it has no more than minimal impact on an individual's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1521(a) and 416.921(a).  "Basic work activities" include mental functions such as seeing, hearing, speaking, using judgment, responding appropriately to coworkers and work situations, and understanding, carrying out and remembering simple instructions.  20 C.F.R. §§ 404.1521(b) and 416.921(b).  Slight abnormalities that have no more than minimal effect on claimant's ability to do basic work activities are not considered severe.  Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989).  In this case, the ALJ specifically addressed each of the "B Criteria" in his decision.  The ALJ found that the plaintiff had mild restrictions of her activities of daily living, mild restrictions in her social function, mild deficiencies in concentration, persistence or pace, and no episodes of decompensation of extended duration.  These mild limitations typically indicate that a mental impairment is not severe.  20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1).  Further, the ALJ's

determination that plaintiff had nonsevere depression and anxiety is consistent with the conclusion of the State Agency psychologist, Dr. Sutton; the noted normal mental health status examination of plaintiff's physician, Dr. Tabb; and the mental status examination intakes of Mr. Murphy indicating stable and congruent affect and good mood.  The nonsevere determination is also supported by the record as a whole, which has evidence of plaintiff's daily activities that are inconsistent with severe mental impairment, as well as a record that lacks plaintiff seeking consistent mental health treatment.  See Roberts v. Apfel, 222 F.3d 466, 469 (8th Cir. 2000) (absence of evidence of ongoing counseling or psychiatric treatment disfavors a finding of disability).  There is substantial evidence in the record to support that plaintiff's depression and anxiety were nonsevere.

The ALJ did not err in assessing plaintiff's credibility and subjective complaints.  The ALJ's credibility findings were based on valid reasons.  "Where adequately explained and supported, credibility findings are for the ALJ to make."  Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000).  Here the ALJ properly considered the inconsistencies between plaintiff's subjective allegations of total disabling symptoms and the record as a whole.  These inconsistencies included (1) lack of medical records to support the disabling symptoms alleged by plaintiff; (2) daily activities which were inconsistent with allegations of disability; (3) inconsistencies in plaintiff's testimony as to daily activities and those previously reported by the plaintiff, as well as other inconsistencies between plaintiff's testimony and the record; and (4) a poor work history indicating possible lack of motivation to work.  There is substantial evidence in the record to support the ALJ's finding that plaintiff's complaints as to disabling symptoms were not fully credible.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

The ALJ did not err in weighing the medical opinions.  While treating physicians are generally entitled to substantial weight, there are no opinions from plaintiff's treating physicians.  20 C.F.R. §§ 404.1527(d) and 416.927(d).  None of plaintiff's treating physicians offered any opinions regarding her impairments or prescribed any work-related limitations.  Further, the ALJ thoroughly discussed the physicians' findings as contained in plaintiff's medical file, specifically discussing the treatment notes of treating physicians Drs. Meyers and Tabb.  As to Dr. Sutton, the

4

ALJ discussed specifically the finding of this state agency medical consultant and stated he had reached the same conclusions. The ALJ also discussed the opinion of Dr. O'Neill, the consultative examiner. The ALJ properly discussed Dr. O'Neill's report and why it did not support a finding of severe mental impairment. Even though the ALJ didn't state the specific weight given to each medical opinion in the record, he did properly and sufficiently discuss the medical evidence from which the weight given to the respective medical opinions is clear. The ALJ's discussion of the medical opinions is sufficient to determine the weight given.

The record does not support that the ALJ improperly substituted his own opinion in determining the seriousness of plaintiff's impairments. The ALJ's conclusions regarding plaintiff's impairments were properly supported by the medical evidence and the record as a whole.

Finally, this court finds that the ALJ did not err in not seeking further clarification from plaintiff's treating physicians as to why they did not have plaintiff on any work restrictions or offer an opinion regarding plaintiff's disability. The ALJ is required to order further medical examinations only if the medical records presented to him do not give him sufficient medical evidence to determine whether the claimant is disabled. See Barrett v. Shalala, 38 F.3d 1019, 1023 (8th Cir. 1994); 20 C.F.R. §§ 404.1519a(b) and 416.919a(b). Here the record already contains medical examinations which the ALJ properly considered. The ALJ makes no reference to an incomplete or insufficiently developed record, but rather simply finds the evidence of record does not support plaintiff's claims. The ALJ is not required to order additional consultative examinations merely because the evidence does not support plaintiff's allegations of disability. See Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995) (ALJ is required to order medical examinations and tests only if the medical records presented do not provide sufficient medical evidence to determine whether the claimant is disabled). The burden is on the claimant to provide medical evidence to show she is disabled. See 20 C.F.R. §§ 404.1512 and 416.912.

## Conclusion

The ALJ's decision is supported by substantial evidence in the record as a whole. The ALJ properly determined that plaintiff Nina Renee Anderson was not disabled as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 15th day of February, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge